UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID DYWANE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> HENSLEY, <br><br> Defendants. | CAUSE NO. 3:20-CV-798-JD-MGG |

OPINION AND ORDER

David Dywane Williams, a prisoner without a lawyer, is proceeding in this case "against Sgt. Hensley in her individual capacity for nominal and punitive damages for retaliating against him on September 27, 2021, for filing this lawsuit by placing him in restrictive housing for eighty days  in violation of the First Amendment . . .." ECF 17 at 5. The defendant filed a summary judgment motion arguing Williams did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) because he did not file a classification appeal. ECF 30.

In *Manley v. Sevier*, 746 F. App'x 594 (7th Cir. 2019), the prisoner plaintiff also alleged he was transferred in retaliation for exercising his First Amendment rights. In response to the defendants' exhaustion summary judgment motion, he argued his use of the classification appeal process satisfied the exhaustion requirements. The Seventh Circuit agreed the "argument has some rhetorical force, but it conflicts with the straightforward IDOC policy outlining what the Offender Grievance Process is for and

how to use it." *Id*. at 596. "IDOC procedure requires that retaliation claims be brought through the Offender Grievance Process . . .." *Id*.

So too in this case. Williams is proceeding on a retaliation claim. Though the act of retaliation is alleged to have been transfer to restrictive housing, that does not make the classification appeal process the proper vehicle for exhausting his administrative remedies. Manley's use of the classification appeal process was not sufficient and so William's failure to use it cannot be inadequate. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The exhaustion affirmative defense having not been proved, the summary judgment motion (ECF 30) is DENIED.

SO ORDERED on April 6, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT