UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID DYWANE WILLIAMS,

    Plaintiff,

    v.                          CAUSE NO. 3:20-CV-798-JD-MGG

HENSLEY,

    Defendants.

OPINION AND ORDER

Defendant Sgt. Hensley, by counsel, asks the court to reconsider the order denying her summary judgment motion. ECF 42. Hensley asserted Plaintiff David Dywane Williams, a prisoner without a lawyer, did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) because he did not file a classification appeal. ECF 30. Relying on *Manley v. Sevier*, 746 F. App'x 594 (7th Cir. 2019), the court denied the motion because Williams is proceeding in this case on a retaliation claim. ECF 34. Hensley now argues *Manley* is distinguishable because it applied an older version of the grievance policy.

Hensley argues the current grievance policy "explicitly states that '[c]lassification actions or decisions, which include . . . bed moves' are 'non-grievable issues' and that 'a separate classification appeals process is in place for this purpose.'" ECF 42 at ¶ 11 (brackets and ellipsis in original). However, that is not different than the old grievance policy in *Manley* which had the same provision in its list of non-grievable issues: "Classification actions or decisions, which include loss of a job, change in security level,

facility transfers, and bed moves (a separate classification appeals process is in place for this purpose)." *Manley v. Sevier*, 3:13-cv-1308-JD-JEM (N.D. Ind. filed December 4, 2013), ECF 62-1 at 13.

Hensley asserts Williams was told to use the classification appeal process to challenge a bed move. ECF 42 at ¶ 12 and 13. Citing *Cannon v. Washington*, 418 F.3d 714 (7th Cir. 2005), she argues a prisoner must follow "specific instructions on how he could proceed with his administrative claim." ECF 42 at ¶ 14. However, the PLRA's exhaustion requirement does not require Williams to challenge a bed move before bringing this retaliation claim. It requires him to exhaust available administrative remedies for the alleged retaliation. *See Manley v. Sevier*, 746 F. App'x 594 (7th Cir. 2019) and *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Hensley has not provided a copy of the classification appeal policy and there is no evidence in the record that it was the proper means for raising a retaliation claim.

Hensley argues "[t]he current Offender Grievance Process, which has been in effect since September 1, 2020, does not require that all retaliation claims be brought through the Offender Grievance Process." ECF 42 at ¶ 7. "The only provision for grieving retaliatory action concerns '[a]cts of reprisal for using the Offender Grievance Process.'" *Id.* ¶ 8 (brackets in original). However, that is not different than the old grievance policy in *Manley* which had the same provision in its list of proper uses for the grievance process: "Acts of reprisal for the good-faith use of, or participation in, the Offender Grievance Process." *Manley v. Sevier*, 3:13-cv-1308-JD-JEM (N.D. Ind. filed

2

December 4, 2013), ECF 62-1 at 12; *see also Manley*, ECF 62-1 at 16 (old policy's prohibition of reprisal for use of the grievance process).

Hensley argues, "[p]laintiff does not allege that he was retaliated against for his use of the Offender Grievance Process; rather, he alleges that he was retaliated against specifically for filing a lawsuit on September 21, 2020." *Id*. at ¶ 10. This argment asserts the Offender Grievance Process could not have been used by Williams in this case. It appears then, there were no administrative remedies available to Williams to challenge this alleged retaliation. 42 U.S.C. § 1997e(a) only requires inmates exhaust *available* administrative remedies. There is no requirement for prisons to provide a grievance process because "[p]rison grievance procedures are not mandated by the First Amendment . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

For these reasons, the motion to reconsider (ECF 42) is DENIED.

SO ORDERED on May 12, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

3